## Commonwealth v. Carney, Appellant.

*Criminal law—Assault and battery—Charge of court—Immaterial errors.*

The charge of the court is to be considered as a whole and not to be judged from an isolated excerpt. Slight errors in the statement of the law, elsewhere correctly given, will not furnish grounds for a reversal, where no injury could have resulted to the defendant.

*Held,* that the charge of the court in this case, considered as a whole, was sufficiently clear on the subject of reasonable doubt and did not prejudice defendant's rights in that respect.

Argued March 11, 1919.    Appeal, No. 15, Oct. T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, June Sessions, 1919, No. 207, on verdict of guilty in the case of Commonwealth of Pennsylvania v. James P. Carney.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.    Affirmed.

Indictment for assault and battery, aggravated assault and battery and indecent assault.    Before BONNIWELL, J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court as quoted in the opinion of the Superior Court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Joseph H. Taulane,* Assistant District Attorney, and with him *George A. Welsh,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KELLER, J., April 24, 1920:

The defendant was convicted of a disgusting crime. His only complaint is to the charge of the court on the subject of reasonable doubt, on which point no special instructions were asked by him.

The trial judge in his charge to the jury said: "Weighing the case in the light of the evidence presented to you, it is for you to say whether or not the Commonwealth has persuaded you beyond a reasonable doubt that the defendant is guilty as charged, for the law provides that the Commonwealth must satisfy you beyond a reasonable doubt of the truth of the charge alleged, otherwise you are bound to give the prisoner the benefit of the doubt, and if such a doubt exists acquit him." Then followed the part of the charge assigned for error: "Reasonable doubt is not such a doubt as arises from a contradiction in the testimony alone or from the conflict due to witnesses disagreeing with one another, but it is such a doubt as would cause each of you as reasonable men to hesitate to say as an abiding conviction that the defendant is guilty as charged and if you have such a doubt then the defendant is entitled to the benefit of it under the law and you should acquit him. If you have not such a doubt you should equally do your duty and find him guilty."

Immediately following the language excepted to, the trial judge continued: "The question of the testimony and its credibility and its substantiality is one exclusively for the jury......You are to try the case upon the evidence as presented, to weigh it as it affected you and to arrive at your verdict in that fashion"; and later: "The defense is that he had nothing to do with the child and that he is mistaken for somebody else. As to the credibility of that defense, that again is for you and it is for you to pass upon the facts, weighing them with the best measure of appreciation as to the probabilities that you are able to do and arrive at your verdict independent of anything except the facts presented to you."

Having in mind these repeated injunctions that the jury in their deliberations were to consider nothing but the facts in evidence, we are not able to agree with the contention of the learned counsel for the appellant that the trial judge failed to instruct the jury that reasonable doubt sufficient to acquit must arise out of the evidence. The clause specially complained of when considered with the rest of the charge amounted to nothing more than a warning that reasonable doubt did not necessarily arise because there was a conflict or contradiction between the witnesses for the Commonwealth and the defense; it might have been more aptly expressed, but taken in connection with the other · extracts above quoted the meaning is clear. The charge is to be considered as a whole and not to be judged from an isolated excerpt: Com. v. Mudgett, 174 Pa. 211, p. 261, unless it contains material error which is not cured or corrected in the rest of the charge. Slight errors in the statement of the law elsewhere correctly given will not furnish ground for reversal where no injury could have resulted to the defendant: Com. v. Buccieri, 153 Pa. 535.

We are of the opinion that the charge considered as a whole did the defendant no injury and could not have misled the jury on the subject of reasonable doubt.

The assignment is overruled, the judgment is affirmed,

and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.